UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

|   |   |   |
|---|---|---|
| VELVED DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 19-1246-JDT-cgc |
| | ) | |
| CORECIVIC, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER DISMISSING COMPLAINT AND GRANTING LEAVE TO AMEND

On October 15, 2019, Plaintiff Velved Davis, who is incarcerated at the Morgan County Correctional Complex in Wartburg, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1.) The complaint concerns events that allegedly occurred while Davis was incarcerated at the Hardeman County Correctional Facility (HCCF) in Whiteville, Tennessee. (*Id.* at PageID 2.) After Davis submitted the necessary documents, the Court issued an order granting leave to proceed *in forma pauperis* and assessing the civil filing fee pursuant to the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(a)-(b). (ECF No. 4.) The Clerk shall record the Defendants as CoreCivic and Correctional Officers First Name Unknown (FNU) Tuggle and Gable.

Davis alleges that on June 25, 2019, Officers Tuggle and Gable forced him into a cell that was flooded from a broken sprinkler head. (ECF No. 1 at PageID 4.) Davis alleges that he previously had been housed in the cell, where the sprinkler head was "pop[p]ed"

and "still running water." (*Id.*)  He alleges that the conditions were unchanged when the officers returned him to the cell. (*Id.*)  Davis asserts that the officers "used excessive force while [I] was in restraints" and forced him into the "inhabitual [sic] cell as a form of punishment." (*Id.*)  Davis alleges that he grieved the incident, which the grievance committee determined was grievable. (*Id.*)  He seeks unspecified compensation. (*Id.*)

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

> (1)  is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
> (2)  seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint in this case states a claim on which relief may be granted, the standards under Fed. R. Civ. P. 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007), are applied.  *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).  The Court accepts the complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief.'"  *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681).  Conclusory allegations "are not entitled to the assumption of truth," and legal conclusions "must be supported by factual allegations."  *Iqbal*, 556 U.S. at 679.  Although a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed.

R. Civ. P. 8(a)(2), Rule 8 nevertheless requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

Davis filed his complaint pursuant to 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

To state a claim under § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

Davis sues CoreCivic, a private company that "performs the traditional state function of operating a prison [and therefore] acts under color of state law for purposes of

3

§ 1983."[1] *Thomas v. Coble*, 55 F. App'x 748, 748 (6th Cir. 2003) (citing *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996)). The Sixth Circuit has applied the standards for assessing municipal liability to claims against private corporations that operate prisons or provide medical care or food services to prisoners. *Id.* at 748-49; *Street*, 102 F.3d at 817-18; *Johnson v. Corr. Corp. of Am.*, 26 F. App'x 386, 388 (6th Cir. 2001); *see also Eads v. State of Tenn.*, No. 1:18-cv-00042, 2018 WL 4283030, at *9 (M.D. Tenn. Sept. 7, 2018). To prevail on a § 1983 claim against CoreCivic, Davis "must show that a policy or well-settled custom of the company was the 'moving force' behind the alleged deprivation" of his rights. *Braswell v. Corr. Corp. of Am.*, 419 F. App'x 622, 627 (6th Cir. 2011). Davis, however, does not allege anything about CoreCivic, much less that one of its policies of customs was the moving force behind the alleged violation of his rights. He therefore fails to state a claim against CoreCivic.

Davis alleges that Officers Tuggle and Gable "used excessive force" when placing him back into the flooded cell. The Eighth Amendment protects a convicted inmate from cruel and unusual punishments, including "the unnecessary and wanton infliction of pain." *See Hudson v. McMillian*, 503 U.S. 1, 5 (1992) (quoting *Whitley v. Albers*, 475 U.S. 312, 319 (1986)); *Wilson v. Seiter*, 501 U.S. 294 (1991). Establishing an Eighth Amendment claim of excessive force requires a showing that (1) "the alleged wrongdoing was

---

[1] *See* https://www.tn.gov/correction/sp/state-prison-list/hardeman-county-correctional-facility.html ("Hardeman County Correctional Facility is owned by the Hardeman County Correctional Facilities Corporation, which contracts with CoreCivic for management of the prison.").

4

objectively 'harmful enough' to establish a constitutional violation," and (2) "'the officials act[ed] with a sufficiently culpable state of mind.'" *Hudson*, 503 U.S. at 8 (quoting *Wilson*, 501 U.S. at 298, 303). Davis, however, does not describe the officers' actions that he contends constituted excessive force. He merely concludes that they used excessive force on him. That contention alone does not satisfy the pleading standard and fails to state a claim under the Eighth Amendment. *See Twombly*, 550 U.S. at 555 ("[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions . . . .").

Davis contends that his placement in the flooded cell also violated his Eighth Amendment rights. The conditions of a prisoner's confinement may be considered cruel and unusual when they deprive inmates of "the minimal civilized measure of life's necessities as measured by a contemporary standard of decency." *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001); *see Rhodes v. Chapman*, 452 U.S. 337, 347 (1981); *Estelle*, 429 U.S. at 103-04. A prisoner must allege "extreme deprivations . . . to make out a conditions-of-confinement claim." *Hudson v. McMillian*, 503 U.S. 1, 8-9 (1992).

The Sixth Circuit has noted that, in conditions-of-confinement claims, "the length of exposure to the conditions is often paramount." *Lamb v. Howe*, 677 F. App'x 204, 209 (6th Cir. 2017) (citing *DeSpain v. Uphoff*, 264 F.3d 965, 974 (10th Cir. 2001)). The *Lamb* Court concluded that the plaintiff's exposure to human waste for four hours was "a temporary inconvenience that, while serious, did not last so long as to create conditions that fall below 'the minimal civilized measure of life's necessities.'" *Id.* (quoting *Dellis*, 257 F.3d at 511); *cf. Gallant v. Holdren*, No. 1:16-CV-383, 2019 WL 1370121, at *6,

5

*report and recommendation adopted by* No. 1:16CV383, 2019 WL 1368329 (S.D. Ohio Mar. 26, 2019), *appeal dismissed*, No. 19-3176, 2019 WL 4267744 (6th Cir. Mar. 29, 2019) (finding that plaintiff's forced exposure to sewage overflow in cell unit for 16 hours did not constitute Eighth Amendment violation.); *Wiley v. Kentucky Dep't of Corr.*, No. CIV.A. 11-97-HRW, 2012 WL 5878678, at *5 (E.D. Ky. Nov. 21, 2012) (concluding that inmate's "alleged exposure to the overflowing toilet and resulting odors, while no doubt unpleasant, was of short duration—one day—and did not amount to an Eighth Amendment violation"). On the other hand, the Sixth Circuit has concluded that a prisoner who was forced to live in a cell covered in fecal matter for three days sufficiently stated an Eighth Amendment claim. *Taylor v. Larson*, 505 F. App'x 475, 477 (6th Cir. 2012); *cf. DeSpain*, 264 F.3d at 974 (concluding that thirty-six-hour exposure to non-working toilets and "other inmates' urine and feces via the standing water" was sufficiently serious to satisfy objective component of Eighth Amendment claim).

Davis does not allege how long he was forced to stay in the flooded cell. He alleges that he was in the cell for an undisclosed amount of time while it was flooded, taken from the cell for an unspecified reason, and then returned to same cell by Officers Tuggle and Gable. He does not allege how long he remained in that cell or if he still is being forced to stay there. Because it is not clear from these allegations how long Davis was forced to remain in the flooded cell, the Court cannot conclude whether he has properly pleaded an Eighth Amendment claim. The Court, however, will allow Davis an opportunity to amend his complaint to clarify his allegations. *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013); *see also Brown v. R.I.*, 511 F. App'x 4, 5 (1st Cir. 2013) (per curiam)

("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded.").

In conclusion, the Court DISMISSES Davis's complaint for failure to state a claim on which relief can be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). The Court, however, GRANTS him leave to amend his complaint. Any amendment must be filed within twenty-one (21) days after the date of this order, on or before **December 27, 2019**.

Davis is advised that an amended complaint will supersede the original complaint and must be complete in itself without reference to the prior pleadings. The text of the complaint must allege sufficient facts to support each claim without reference to any extraneous document. Any exhibits must be identified by number in the text of the amended complaint and must be attached to the complaint. All claims alleged in an amended complaint must arise from the facts alleged in the original complaint. Each claim for relief must be stated in a separate count and must identify each defendant sued in that count. If Davis fails to file an amended complaint within the time specified, the Court will dismiss the case in its entirety, assess a strike pursuant to 28 U.S.C. § 1915(g) and enter judgment.

IT IS SO ORDERED.

        s/ **James D. Todd**
        JAMES D. TODD
        UNITED STATES DISTRICT JUDGE